**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**CHARLES RAY LUTTRELL**                                                                                       **PETITIONER**

VS.                                    **CASE NO. 2:11-cv-00152 SWW/HDY**

**T.C. OUTLAW, WARDEN,
FCI FORREST CITY, ARKANSAS**                                                                **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Charles Ray Luttrell, in custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He challenges the manner in which his sentence is being executed, alleging that a disciplinary court conviction was imposed without due process. Specifically, he contends that he was not provided with a complete incident report after charged with a disciplinary violation.

The respondent seeks dismissal of the petition for three reasons: (1) petitioner failed to exhaust his administrative remedies; (2) petitioner failed to state facts upon which relief can be granted, since the failure of the petitioner to receive a full copy of the incident report is not supported by the record and, even assuming it occurred, there is no showing that his due process rights were violated; and (3) the disciplinary court conviction is supported by some evidence.

**Factual background:** On June 17, 2011, Mr. Luttrell filed a Request to Staff at FCI Forrest City.  He complained about a staff psychologist, writing:

> "My delusions run so rampid that I fantasize that one of the Tim McVeigh's of this world executes her, chops her head off, and displays it on CNN to pronounce just how wrong it is what's being allowed here."
>
> "Relief: I'd ask to see a real doctor, and I'd like to see the 'gunslinger' shot down at the OKC Corral."

Mr. Luttrell was charged with threatening staff that day.  The Incident Report was amended at a later date to reflect the time of the incident as 2:00 p.m.  A disciplinary hearing was conducted, and at the hearing the officer confirmed that Luttrell understood his right to remain silent, to have staff representation, and to call witnesses.  Mr. Luttrell waived his right to representation and witnesses and confirmed he received the amended Incident Report.  On August 4, 2011, Mr. Luttrell was found guilty of the disciplinary charge, and sentenced to thirty days of disciplinary segregation, loss of fourteen days of good time, and loss of ninety days of commissary privileges and visitation.  The conviction was based upon the Incident Report which cited Mr. Luttrell's Request to Staff letter.  His defense at the hearing was: "I did not threaten anybody.  If you read the letter it clearly shows that  there was no threat made."  This lawsuit was filed on August 22, 2011, and the respondent states no administrative appeal was filed by Mr. Luttrell.  See Attachments to Docket Entry no. 9.

**Exhaustion of Administrative Remedies:** The respondent urges dismissal of this case due to the petitioner's failure to exhaust his administrative remedies.  Generally, a petitioner must exhaust available remedies with the Bureau of Prisons before submitting a petition for writ of habeas corpus.  *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974).  Here, Mr. Luttrell, in his petition, claims

he attempted to pursue his administrative remedies but that FCI Forrest City employees refused his requests for the appropriate forms. Luttrell states that he obtained the forms via other inmates but that FCI Forrest City employees refused to acknowledge or answer his requests. Mr. Luttrell claims to have mailed requests to the Regional Director on four occasions, with no reply. See docket entry no. 1, page 4. In addition, Mr. Luttrell notes that his release date is in January of 2012 and the administrative remedies would likely still be in process were he to start or re-start the process now. Rather than weighing the credibility of Mr. Luttrell on this issue, we find it is unnecessary to rule on the exhaustion issue since the other claims raised by the respondent are dispositive.

**Due Process:** The United States Supreme Court, in *Wolff v. McDonnell*, 418 U.S. 539 (1974), described what process is due a prisoner in the prison disciplinary process: advanced written notice of the charges; a written statement by the factfinder of the evidence relied upon and the reasons for the ruling; an inmate's right to call witnesses and present documentary evidence; and the right to counsel substitutes in some instances. Mr. Luttrell contends his due process rights were violated when he was not given the entire incident report or an inmate rules/procedures handbook. Petition, page 2. There are two problems with this allegation. First, the petitioner fails to point to any evidence that he did not receive the entire incident report. The record of the disciplinary charge indicates that Luttrell "was provided a copy of this written report and advised of his rights by this investigator." Docket entry no. 9-1, page 13. Second, even if the Court were to assume some technical error in providing the proper document(s) to the petitioner, there is no assertion or proof of any prejudice accruing to the petitioner. The petitioner does not argue that he misunderstood the charge against him at any point in the proceedings. Indeed, his defense, that the document he wrote simply did not constitute a threat, suggests an appreciation of the charge. The basic safeguards of

*Wolff* were provided to the petitioner, who was fully apprised of the charge against him, his rights, and the reasons for the disciplinary conviction. There is no merit to the claim that he was denied due process.

**Evidence to support the disciplinary conviction:** Mr. Luttrell also appears to quarrel with the result rendered by the disciplinary hearing officer. We should note, however, that the federal courts do not provide a de novo review of a prison disciplinary court's findings. *Cummings v. Dunn*, 630 F.2d 649, 650 (8th Cir. 1980); *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974). The only inquiry to be made by this Court is, therefore, whether "some evidence" supports the decision of the disciplinary board. *See Superintendent v. Hill*, 472 U.S. 445, 105 S. Ct. 2768, 86 L.Ed.2d 356, 365 (1985). *See also Brown v. Frey*, 807 F.2d 1407, 1414 (8th Cir. 1986).

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." Ascertaining whether this standard is satisfied does not require an examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither is the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

*Superintendent v. Hill*, 472 U.S. at 455-56.

According to the disciplinary hearing officer, Mr. Luttrell was convicted based upon "the incident report as written." Mr. Luttrell urges the Court to side with his construction of the letter he wrote. Specifically, he asks the Court to find that his letter was not a threat to the staff psychologist. The pertinent standard set forth in *Hill*, however, does not invite the Court to accept

Mr. Luttrell's statement as to his intentions. In essence, the petitioner asks the Court to find him credible rather than accepting the disciplinary hearing officer's construction of the letter's meaning. Instead, our inquiry is whether there is any evidence to support the guilty verdict. In this case, evidence cited in the DHO report constitutes "some evidence" to support the disciplinary conviction, satisfying the requirement of *Hill v. Superintendent, supra.*. The DHO is charged with, among other things, evaluating the credibility of the witnesses. The petitioner's disagreement with the credibility assessment of the DHO does not overcome the ruling when there is some evidence, such as the letter written by Mr. Luttrell, to support the DHO's decision. As a result, we find no merit to the petitioner's claim for relief.

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed, and the relief requested be denied.

IT IS SO ORDERED this  26  day of October, 2011.

UNITED STATES MAGISTRATE JUDGE